UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANNETTE ILENE JACKSON, | Case No. 11-14672 |
| Plaintiff, | Gershwin A. Drain |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION
CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 9, 14)**

## I.    PROCEDURAL HISTORY

### A.    Proceedings in this Court

On October 24, 2011, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), this matter was referred to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability, disability insurance, and supplemental security income benefits. (Dkt. 3). This matter is before the Court on cross-motions for summary judgment. (Dkt. 9. 14).

### B.    Administrative Proceedings

Plaintiff filed the instant claims on January 21, 2003, alleging that disability

began on July 31, 2001. (Dkt. 7-16, Pg ID 44). The claim was initially disapproved by the Commissioner on May 1, 2003. (Dkt. 7, Pg ID 44). These claims were initially denied by ALJ Richard L. Sasena on June 9, 2006. (Dkt. 7-16, Pg ID 824). The request for review was denied on April 15, 2008. (Dkt. 7-16, Pg ID 824). The claim was appealed to this Court and the parties stipulated to remand the matter on January 12, 2009 so the ALJ could consider plaintiff's mental impairment and reconsider her RFC. (Dkt. 7-16, Pg ID 824).

On remand, a hearing was held on August 19, 2009. (Dkt. 7-16, Pg ID 824). At the hearing the alleged onset date was amended to January 1, 2006. In a decision dated November 2, 2009, ALJ John J. Rabaut found that plaintiff was not disabled. (Dkt. 7-16, Pg ID 824-834). Plaintiff requested a review of this decision on November 2, 2009. (Dkt. 7-15, Pg ID 820). The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits,[1] the Appeals Council, on August 19, 2011, denied plaintiff's request for review. (Dkt. 7-15, Pg ID 817-819); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

(6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II.     FACTUAL BACKGROUND

### A.     ALJ Findings

Plaintiff was 44 years of age at the time of the most recent administrative hearing.  (Dkt. 7-16, Pg ID 833).  Plaintiff's had past relevant work history as a cook and a housekeeper.  (Dkt. 7-16, Pg ID 832).  The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since the amended onset date.  (Dkt. 7-16, Pg ID 826).  At step two, the ALJ found that plaintiff's angina, morbid obesity, depressive disorder, asthma, anxiety and substance abuse disorder in partial remission were "severe" within the meaning of the second sequential step.  (Dkt. 7-16, Pg ID 827). At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. *Id*.  At step four, the ALJ found plaintiff could perform sedentary work but required an "at-will" sit/stand option; no climbing ladders, ropes or scaffolds; occasional climbing of ramps or stairs; occasional balancing, stooping, crouching,

kneeling; no crawling; avoid moderate exposure to extreme cold or heat; avoid moderate exposure to wetness or humidity; avoid concentrated use of moving machinery; avoid all exposure to unprotected heights; work is limited to simple, routine, and repetitive tasks; performed in a work environment free of fast-paced production required; involving only simple work-related decisions; and with few, if any, work place changes and only occasional interaction with the public. (Dkt. 7-16, Pg ID 827). At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy. (Dkt. 7-17, Pg ID 833).

B.  Plaintiff's Claims of Error

Plaintiff's argument, though unduly abbreviated, appears to be asserting that the RFC and the hypothetical question to the vocational expert did not fully account for all of plaintiff's physical and mental limitations. Plaintiff points to an RFC submitted by Dr. Schumacher who is her treating physician, in which he reported that plaintiff can only lift up to 10 lbs, only sit for about 6 hours, and can only stand/walk for 2 hours a day. He also submitted an RFC for her mental condition finding moderately limited in ability to deal with the public, ability to maintain concentration and attention and ability to withstand the stress and pressures associated with an eight hour work day. (Tr. 922-923). Plaintiff also points out that Dr. Schumacher reported that claimant has progressively severe

pain in back, arms and legs due to osteoarthritis and that clinically she is deteriorating because her depression increased and she had a recent suicide attempt and increased pain. (Tr. 915). On June 21, 2009, plaintiff was admitted to the hospital for major depression, recurrent. Her GAF was 20. (Tr. 827-886).

Plaintiff also argues as follows regarding the vocation testimony:

> The vocational expert testified that claimant could perform bench assembly type positions; packer positions; reduced range of inspector positions; and reduced range of office clerk positions. When the ALJ added the fact that claimant would be unable to sustain sufficient concentration, persistent or pace to do even these simple, routine, repetitive tasks on a regular and continuing basis say eight hours a day on an equivalent schedule. He continued to explain that his previous statement would mean not being required to miss days here or there, unscheduled days, but requiring even p0artial [sic] days, having to arrive late, having to leave early unscheduled, having to require extended breaks unscheduled, more than what would be generally allowable. Would that eliminate the jobs you've given me" (Tr. 908)
>
> The VE answered it would eliminate all jobs. The reason is because you would not be able to maintain the competitive job with that type of absenteeism and work. The attorney then asked how many absences are typically allowed a month and she answered one unexcused absence per month. The attorney then asked if a person's concentration were affected such that 20 percent of the time they were off task resulting in being non productive would that preclude work. The VE answered that in itself would preclude all the jobs. (Tr. ;980-981)

(Dkt. 9, Pg ID 1019). According to plaintiff, these questions to the vocational

expert and the final question by the ALJ were based on the RFC's submitted by the treating physician Dr. Schumacher. And, contrary to Dr. Schumacher's opinions, the ALJ found in his decision that based on the age, education, work experience and testimony of the vocational expert the claimant is capable of making a successful adjustment to other work. (Tr. 805-806). Plaintiff contends that the problem with this finding by the ALJ, is that it was not based on the entire testimony of the vocational expert. Rather, he based his finding of plaintiff being able to work on partial findings by the treating physician not the record as a whole. Plaintiff maintains that the vocational expert testified there were no jobs claimant could perform when she was given the record as a whole.

      C.     <u>The Commissioner's Motion for Summary Judgment</u>

The Commissioner contends that plaintiff's argument that her mental limitations would preclude her from performing even simple, routine, and repetitive tasks on a regular and continuing basis for eight hours per day are without merit. While plaintiff states that these limitations were reflected in Dr. Schumacher's August 2009 assessment, the Commissioner contends that Dr. Schumacher's report of plaintiff's limitations is entirely consistent with the RFC formulated by the ALJ. Dr. Schumacher treated plaintiff for various physical and mental complaints, and in August 2009, he completed a two-page assessment of plaintiff's ability to perform specific physical and mental tasks. (Tr. 922-23).

With respect to plaintiff's mental restrictions, Dr. Schumacher noted that plaintiff had "mild" limitations in her ability to relate and interact with supervisors and co-workers; understand, remember, and carry out one-or-two step job instructions; and, handle her funds. (Tr. 922). Dr. Schumacher also indicated that plaintiff had moderate limitations in dealing with the public, maintaining concentration and attention for at least two hour increments, and withstanding the stress and pressures associated with an eight-hour day and day-to-day work activity. (Tr. 922). Dr. Schumacher declined to find that plaintiff was either "markedly limited" or "extremely limited" in any category that he was asked to rate. (Tr. 922).

According to the Commissioner, plaintiff has not identified any inconsistency between Dr. Schumacher's August 2009 assessment and the ALJ's RFC finding. In particular, plaintiff overlooks that the ALJ reasonably accounted for the mental restrictions that Dr. Schumacher identified in his assessment. Specifically, the Commissioner points out that the ALJ limited the complexity and pace at which plaintiff could perform her work by restricting her to simple, routine, and repetitive tasks in a work environment free of fast-paced production requirements involving only simple work-related decisions with few, if any, work place changes. (Tr. 799). In addition, the ALJ accommodated plaintiff's difficulty with working with others by limiting her to only occasional interaction with the public. (Tr. 799). According to the Commissioner, plaintiff has not explained

why Dr. Schumacher's opinion that plaintiff had "moderate" limitations in maintaining concentration and attention for two hour increments or withstanding the stress and pressures of work would prevent her from performing the jobs identified by the vocational expert. Of note, Dr. Schumacher never explained what he meant by a "moderate limitation," and he never stated that plaintiff would be unable to perform simple, repetitive, and routine tasks. Thus, the Commissioner contends that because the ALJ's RFC finding reasonably accounted for all the credible limitations listed by Dr. Schumacher, plaintiff has not identified any basis for error or remand.

The Commissioner also maintains that the ALJ's RFC finding and resultant hypothetical question are supported by the November 2005 medical findings from Dr. Dickson, a psychologist, who evaluated plaintiff's mental condition less than two months prior to her alleged onset date of disability. At the time of the evaluation, Dr. Dickson noted that plaintiff was not receiving mental health treatment, but noted that plaintiff reported that she had been to therapy about one-and-one-half years prior to the evaluation. (Tr. 695). Dr. Dickson also noted that plaintiff was independent in self-care and personal hygiene and that she was able to shop for groceries, cook, clean, and do the laundry. (Tr. 696). Based on his examination findings, Dr. Dickson concluded that plaintiff's psychological condition would only mildly impair her ability to perform work related activities

(Tr. 698). Dr. Dickson further opined that plaintiff's ability to understand, remember, and carry out instructions would not be affected by her impairment, and that she would have only slight limitations in her ability to interact appropriately with the public, supervisors, and co-workers, and respond appropriately to work pressures and changes in a routine work setting. (Tr. 699-700). According to the Commissioner, Dr. Dickson's opinion, along with the lack of consistent mental health treatment between 2006 and 2009, is substantial evidence in support of the ALJ's RFC finding and hypothetical question.

The Commissioner also points out that plaintiff has not challenged the ALJ's finding that the intensity, persistence, and limiting effects of plaintiff's symptoms were not credible to the extent they were inconsistent with his RFC finding. (Tr. 804). The Commissioner asserts that, based on the foregoing, the evidence of record does not demonstrate that plaintiff had greater mental limitations than those included in the ALJ's RFC finding. Thus, because the ALJ's RFC assessment included all of plaintiff's credible limitations, his hypothetical question based on that RFC finding was not erroneous. And finally, the Commissioner asserts that the ALJ was not required to rely on the vocational expert's testimony in response to the second hypothetical question, which did not accurately portray plaintiff's credible limitations. Therefore, the Commissioner urges the Court to conclude that the ALJ's decision should not be disturbed.

## III. DISCUSSION

### A. Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v.*

*McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v.*

*Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly

addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

    B.    <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq*.). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner

makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C. <u>Analysis and Conclusions</u>

While the undersigned has thoroughly reviewed the record evidence, the parties' submissions, and the ALJ's decision, plaintiff cannot simply make the

claim that the ALJ erred by not adopting the second hypothetical posed to the vocational expert, while leaving it to the Court to scour the record to support this claim. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to ... put flesh on its bones.") (citation omitted); *Crocker v. Comm'r of Soc. Sec.*, 2010 WL 882831 at *6 (W.D. Mich. 2010) ("This court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate arguments.") (citation omitted). In the view of the undersigned, plaintiff's argument is wholly insufficient and undeveloped. Plaintiff offers no basis whatsoever for the Court to conclude that the ALJ's decision is not supported by substantial evidence and offers no factual or legal basis for the Court to conclude that the ALJ's RFC is actually inconsistent with the opinions of plaintiff's treating physician, Dr. Schumacher. Indeed, the undersigned agrees with the Commissioner that plaintiff fails to point out how the RFC fails to accommodate plaintiff's limitations as Dr. Schumacher described in his assessment. Moreover, as described in detail above, the Commissioner convincingly establishes that the ALJ's RFC is well-supported by substantial evidence and that plaintiff's credible limitations were accommodated in both the RFC and the hypothetical question posed to the

vocational expert. Therefore, the undersigned finds no basis to the disturb the ALJ's decision.

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 19, 2013              s/Michael Hluchaniuk
                                     Michael Hluchaniuk
                                     United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on February 19, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Richard J. Doud, Andrew J. Lievense, AUSA, and the Commissioner of Social Security.

                                     s/Tammy Hallwood
                                     Case Manager
                                     (810) 341-7850
                                     tammy_hallwood@mied.uscourts.gov